IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER CHISDOCK and | : | No. 3:10cv1941 |
| SANDRA CHISDOCK, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WANDA MONK and | : | |
| ALABAMA MOTOR EXPRESS, | : | |
| Defendants | : | |

**MEMORANDUM**

Before the court for disposition is plaintiff's motion in limine to exclude opinion testimony of Michael Lutz and/or Joe R. Meseda. The matter has been fully briefed and is ripe for disposition.

**Background**

This action involves an accident between an automobile and a tractor trailer. Defendants, the tractor trailer driver and the company that employed her, hired Lutz and Meseda, who are engineers, as accident reconstructionists. They authored a report and made certain conclusions to which plaintiffs object. They object to opinions involving the following:

1) the accuracy of Defendant Monk's ICC logs;

2) Defendant Alabama Motor Express's ("AMX") failure to audit Monks' logs;

3) Federal Motor Carrier Safety Regulations;

4) the manner in which the missing ECM would have worked on the tractor;

      5) Federal Regulations regarding EMC downloads;

      6) Mr. Guntharp's "conduct" or lack thereof;

      7) the manner in which defendants' failure in record keeping affected Guntharp;

      8) whether the log misstatement caused the collision; and

      9) whether Defendant AMX's failure to audit caused the collisions. (Doc. 59, Mot. in Limine at 3).

      Plaintiffs filed the instant motion in limine arguing that the court should preclude these experts from proffering these opinions.  Plaintiffs raise three arguments to justify the exclusion of these opinions.  First, they argue that Lutz and Maseda are mechanical engineers who offer opinions on trucking safety without specialized employment or education experience in trucking.  Second, they assert that no scientific data or calculations were used to develop the experts' reconstruction opinions.  Last, they argue that the proffered expert opinions are not outside the scope and knowledge of a potential juror such that expert testimony is required.  We find no merit to any of the plaintiffs' arguments, but we will discuss them *seriatim.*[1]

---

[1] Defendants initially object to the motion in limine on the basis that it violates this court's pretrial conference order.  The order indicates that where Daubert expert witness issues are raised, the party challenging the expert must depose the witness and provide a copy of the deposition to the court. (See Doc. 58, Court Order of Oct. 27, 2011).  Here, the plaintiffs did not depose the expert witnesses.  Thus, defendants argue that the motion should be denied.  The court takes this failure to completely comply with its rule very seriously and we could find the plaintiffs have waived the issues raised in the motion.  However, we will address the substance of plaintiffs' arguments as we find them to be meritless.

2

**Standard of review for expert testimony**

Rule 702 of the Federal Rules of Evidence provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods of reliability to the facts of the case."  The function of the district court in determining whether to admit expert testimony is that of a "gatekeeper."  The trial judge is tasked with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  Daubert v. Merrell Dow Pharma., 509 U.S. 579, 597 (1993).  "The objective of that requirement is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field."  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).  Three major requirements are found in Rule 702: "' (1) the proffered witness must be an expert *i.e.* must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, *i.e.,* reliability]; and (3) the expert's testimony must assist the trier of fact [, *i.e., fit*] .'"  United States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010) (quoting Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008)).

**Discussion**

    **1. The experts' qualifications**

Initially, plaintiffs challenge defendants' experts on the basis of their

qualifications. They assert that the experts have no education, training or experience in the trucking industry or trucking safety. We disagree.

To decide whether an expert is qualified, courts must assess whether the expert has specialized knowledge in his testimony, which may be based in practical experience as well as academic training and credentials. See Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000). The specialized knowledge requirement has been interpreted liberally in the substantive as well as the formal qualification of experts; "'at a minimum, a proffered expert witness . . . must possess skill or knowledge greater than the average layman . . . .'" Id. (quoting Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998)).

A review of the curriculum vitae ("CV") of defendants' proposed experts reveals that they do have skill or knowledge greater than the average layman regarding the subject of their testimony.

Michael Lutz's CV indicates that he graduated from the University of Maryland with a bachelor's degree in mechanical engineering, and he is a registered Professional Engineer. (Doc. 62-1 at 18). He has obtained Accredited Accident Reconstructionist status and has completed the following relevant continuing education:

    Traffic Accident Investigation
    Traffic Accident Reconstruction II
    Advance Commercial Vehicle Crash Investigation
    Accident Reconstruction and Simulation
    Crash Reconstruction at Traffic Signal Intersections
    Commercial Air Brake Systems

(Id.)

The other expert at issue, Joe R. Maseda, received a bachelor's degree in mechanical engineering and an M.B.A. He is experienced in accident reconstruction and has reconstructed accidents involving commercial vehicles (tractor-trailers). He is an accredited accident reconstructionist and a registered professional engineer. He belongs to the Society of Automotive Engineers and the National Society of Professional Engineers. (Doc. 62-1 at 19).

The court finds that these witnesses are qualified as experts in the field of accident reconstruction. They have years of experience in the field, as well as extensive education and training. Their testimony could assist the trier of fact in determining the manner in which the accident happened. Moreover, if the plaintiffs' assert that the experts are not well versed in tractor trailer safety, they may cross examine the experts on that issue and argue it to the jury. Accordingly, plaintiffs' argument that the proposed experts are not qualified is without merit.

**2. Methodology**

The second challenge plaintiffs raise against defendants' experts is that their reconstruction of the accident lacks a scientific basis.  The witnesses did not visit the scene, make measurements or inspect the vehicles personally. They merely developed their reconstruction based upon photographs and an interview with Dan Banner, the safety representative of Defendant AMX. We find no merit to the plaintiffs' argument.

District courts are tasked with assessing the techniques and methodologies employed by the expert when determining the reliability of his proposed opinion. To qualify as reliable, the "expert's opinion must be

based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (3d Cir. 1994), cert. denied, 513 U.S. 1190 (1995) ("Paoli II"), (quoting Daubert, 509 U.S. at 590). Essentially, "an expert opinion must be based on reliable methodology and must reliably flow from that methodology and the facts at issue - but it need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production." Heller v. Shaw Indus., Inc., 167 F.3d 146, 152 (3d Cir. 1999). Furthermore, district courts should not determine the correctness of a proposed witness's opinion. Paoli II, 35 F.3d at 744 ("The grounds for the expert's opinion merely have to be good, they do not have to be perfect."). As the Third Circuit Court of Appeals has noted:

> A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence.

Id. at 744–45.

We find that it is not unreliable for an accident reconstructionist to utilize photographs and interviews in analyzing an accident. The extent of the experts' research into the accident may be the proper subject of cross examination and argument; however, in this instance it is not a basis to preclude the testimony. Accordingly, the plaintiffs' argument to the contrary will be denied.

### 3. Is expert witness testimony required?

The final argument made by the plaintiffs is that the testimony of the proposed experts is unnecessary as the jury can be expected to draw the

correct inference from other evidence presented in the case. Plaintiffs argue that the experts base their opinions merely on photographs. The jury can examine these photographs themselves and draw their own conclusions according to the plaintiffs. We disagree. As set forth above, the experts have education and training that is beyond that of a typical juror. Their experience and education may bring insight to the photographs that a juror would not necessarily have otherwise. Accordingly, this argument does not provide a justification for precluding these witnesses.

**Conclusion**

For the reasons set forth above, the plaintiffs' motion to limit/exclude opinion testimony of Michael Lutz and/or Joe R. Maseda will be denied. An appropriate order follows.

# D STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER CHISDOCK and** | : | **No. 3:10cv1941** |
| **SANDRA CHISDOCK,** | : | |
| Plaintiffs | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| **WANDA MONK and** | : | |
| **ALABAMA MOTOR EXPRESS,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 16th day of December 2011, the plaintiffs' motion to limit/exclude opinion testimony of Michael Lutz and/or Joe R. Maseda (Doc. 59) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**